UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHELLE STOGNER

VERSUS

CHRIS STURDIVANT, LIVINGSTON PARISH
SHERIFF'S OFFICER, ET AL

CIVIL ACTION

NO. 10-125-JJB-CN

### RULING ON DEFENDANTS' 12(B)(6) MOTION TO DISMISS CLAIMS UNDER UNITED NATIONS CONVENTION AGAINST TORTURE BY SHERIFF WILLIE GRAVES AND DEPUTY CHRIS STURDIVANT

This matter is before the Court on Defendants' 12(b)(6) Motion to Dismiss Claims Under United Nations Convention Against Torture by Sheriff Willie Graves and Deputy Chris Sturdivant. (Doc. 25). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. After careful review of the aforementioned documents, the Court GRANTS the defendants' motion.

### Background

On July 5, 2009, at approximately 4:20 a.m., Deputy Chris Sturdivant ("Sturdivant") initiated a traffic stop on Donel Stogner ("Stogner"), for allegedly driving erratically. After both vehicles had stopped, both Sturdivant and Stogner exited their respective vehicles at which point, Sturdivant noticed that Stogner was holding a small plastic bag in his right hand. According to Sturdivant, Stogner failed to respond when he repeatedly asked Stogner to explain what the bag contained or to release the bag. According to Stogner, he attempted to answer Sturdivant's questions, albeit refusing to release the bag. After Stogner

1

failed to comply, Sturdivant placed Stogner up against his unit and began to handcuff Stogner's right hand. While being handcuffed, Stogner transferred the bag to his left hand, and subsequently into his mouth and began to struggle with Sturdivant, who thereafter called for back-up. For several minutes Sturdivant and Stogner were engaged in a one-on-one struggle. Soon thereafter, Officer Brant Melerine ("Melerine") of the Town of Livingston Police Department and Deputy Alex Petho ("Petho") of the Livingston Parish Sheriff's Office arrived at the scene and assisted Sturdivant in handcuffing Stogner.

After the officers had successfully handcuffed Stogner, Deputy Randy Dufrene, Jr. ("Dufrene, Jr.") arrived at the scene and noticed that Stogner was not breathing. Deputy Dufrene then performed a sweep of Stogner's mouth and removed a small piece of plastic. Roughly two minutes later, the deputies called for an ambulance and began to administer CPR on Stogner. Mr. Stogner was later transported by ambulance to North Oaks Hospital where he was pronounced dead.

On February 22, 2010, the plaintiff in this case, Stogner's widow, filed suit against the Sheriff of Livingston Parish, Willie Graves, and Town of Livingston Deputy, Chris Sturdivant, among others. Plaintiff claims that deputy Sturdivant committed acts of torture upon Stogner during the course of the traffic stop pursuant to a custom or policy implemented by Graves and in violation of the United Nations Convention against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("The Convention").

## Standard of Review

In order to prevail on a 12(b)(6) Motion to Dismiss, the movant must establish that the facts alleged in the complaint, even if true, would not entitle the plaintiff to a legal remedy. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Towmbly*, 550 U.S. 544, 547 (2007).

## Analysis

Defendants must prevail in their motion to dismiss because plaintiff has no legal remedy under the Convention. The Convention does not provide for a private right of action. *Renkel v. United States*, 456 F.3d 640, 644-45 (6th Cir. 2006), *rehearing and rehearing en banc denied* (2006). For a treaty to confer a private right of action, it must be self-executing—that is, the treaty must not require domestic legislation to have the force of law. *Medellin v. Texas*, 552 U.S. 491, 505 (2008); *Renkel*, 456 F.3d at 643. Multiple United States Courts of Appeals have declared that the Convention is not self-executing. *See, e.g., Pierre v. Gonzales*, 502 F.3d 109, 119 (2d Cir. 2007); *Renkel*, 456 F.3d at 644 ("[I]t was the intent of both the Senate and the President that [Convention] Articles 1-16 are not to be self-executing. . . . As the articles are not self-executing, they do not create private rights of action."). Even plaintiff candidly admits that the Convention provides no right of action. (Doc. 38, pg. 13).

Therefore, any right of action plaintiff may have for deputy Sturdivant's conduct or Sheriff Graves' policies must be based on either state or federal law, not the Convention.

### Conclusion

Because plaintiff has no right to relief under the Convention, Defendants' 12(b)(6) Motion to Dismiss Claims Under United Nations Convention Against Torture by Sheriff Willie Graves and Deputy Chris Sturdivant is hereby GRANTED.

Baton Rouge, Louisiana, Sept 13, 2010.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA

4