UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHELLE STOGNER

VERSUS

CHRIS STURDIVANT, LIVINGSTON PARISH
SHERIFF'S OFFICER, ET AL

CIVIL ACTION

NO. 10-125-JJB-CN

### RULING ON DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) FILED ON BEHALF OF BRANDT MELERINE AND RANDY DUFRENE

This matter is before the Court on Defendants' Motion to Dismiss Pursuant to 12(B)(6) Filed on Behalf of Brandt Melerine and Randy Dufrene (doc 20). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

The following facts are undisputed. On February 22, 2010, Plaintiff Michelle Stogner filed suit on behalf of her late husband Donel Stogner ("Stogner") against Officer Brandt Melerine ("Melerine") for a variety of federal and state law claims[1] and the Chief of the Town of Livingston Police Department ("LPD"), Randy Dufrene ("Dufrene") as Melerine's employer[2] (doc. 1).

In the early morning hours of July 5, 2009, Chris Sturdivant ("Sturdivant"), a deputy for the Livingston Parish Sheriff's Office ("LPSO"), conducted a traffic stop on Stogner (doc. 21, exhibit A-1). During the course of the stop, Sturdivant

---

[1] Plaintiff asserts that Melerine used excessive force in violation of 42 U.S.C. § 1983 and that Melerine committed acts of battery and torture, failed to perform his duties in a safe and reasonable manner in violation of Louisiana law (doc. 1, par. 42-56).
[2] Plaintiff asserts that Dufrene is vicariously liable for Melerine's conduct under Louisiana Civil Code Articles 2315, 2315.1, 2315.2, 2316 and strictly liable under Article 2320 as Melerine's master and employer (doc. 1, par. 80).

saw Stogner holding a small plastic bag, which he believed contained contraband, and when Stogner refused to identify or release the bag, Sturdivant called for back-up and attempted to forcibly remove it from Stogner's hand (doc. 21, exhibit A-1). The two parties struggled for a few minutes until back-up arrived and assisted Sturdivant in subduing Stogner (doc. 21, exhibit A-1). However, during the struggle Stogner attempted to swallow the bag, asphyxiated, and later died. (doc. 21, exhibit A-1).

Melerine was one of the officers dispatched to the scene to assist Sturdivant. Melerine has law enforcement commissions from both the LPD and the LPSO (doc. 21, exhibits D-1 and D-2). On July 4, 2009, Melerine worked the night shift, which extended into the morning of July 5, 2010, for the LPD (doc. 21, exhibits D-1 and D-2). After his shift with the LPD had ended, he visited the LPSO (doc. 21, exhibits D-1 and D-2). While at the LPSO, Melerine was dispatched to the scene at mile-marker 26 on I-12, outside of the LPD's jurisdiction, but within the LPSO's jurisdiction (doc. 21, exhibits D-1 and D-2).

On July 26, 2010, Melerine and Dufrene filed a Motion to Dismiss (doc. 20). On August 17, 2010, Co-Defendant and Sheriff of Livingston Parish, Willie Graves ("Graves"), filed a Motion in Opposition in which he requested the Court convert the Motion to Dismiss into a motion for summary judgment to the extent that the Motion to Dismiss was supported by affidavits (doc. 31, pgs. 4-5). The Court will consider Melerine and Dufrene's Motion to Dismiss as a motion for summary judgment in accordance with Federal Rule of Civil Procedure 12(d).

The party moving for summary judgment bears the burden of establishing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2).

**I. Claims against Melerine**

Melerine moves to dismiss Plaintiff's claims against him in his capacity as an officer of the LPD (doc. 20, pg. 1).  Defendant Melerine asserts that he was not acting in the course and scope of employment of his employment with the LPD—but instead as an LPSO officer—at the time of the incident  (doc. 20, pgs. 1-2).

Co-Defendant Graves asserts that (1) Merline was acting in the course and scope of employment as an officer of the LPD (doc. 20, pgs 3-4) and (2) when a dually commissioned officer is sued in his official capacity, the municipality—and not the sheriff's office—is ultimately liable for his conduct (doc. 20, pg. 2-3).

In determining whether an employee was acting within the course and scope of employment, a court considers a number of factors including: (1) the payment of wages by the employer; (2) the employer's authority to control the employee; (3) the employee's duty to perform the act in question; (4) the time, place and purpose of the act in relation to the employment; (5) the relationship between the employee's act and the employer's business; (6) the benefits received by the employer from the act; (7) the employee's motivation for performing the act; and (8) the employer's reasonable expectation that the

employee would perform the act.  *Reed v. House of Décor, Inc.*, 468 So.2d 1159, 1161 (La. 1985).

The Court finds that there remain genuine issues of material fact regarding whether Melerine was acting within the scope of his employment with the LPD. Undisputed is that (1) Melerine has dual commissions with the LPSO and LPD (doc. 20, exhibit D-2, par. 1); (2) the LPD pays Melerine's wages (doc. 31, exhibit 1, par. 5); and (3) Melerine was dispatched to an area outside of the LPD's jurisdiction (doc. 21, exhibits D-1 and D-2).  However, in dispute are (1) why Melerine was at the LPSO in the early hours of July 5, 2009;[3] (2) whether the LPD or LPSO dispatched Melerine to the scene;[4] (3) the extent to which Graves can direct Melerine to perform specific activities;[5] and (4) the extent to which Melerine is required to comply with Graves' requests;[6] and (5) the extent to which either the LPD or LPSO benefits or expects to benefit from Melerine's service.

---

[3] Melerine claims he was at the LPSO to "retrieve paperwork necessary to his job as an officer for the LPSO" (doc. 20, exhibit D-2, par. 3).  Graves claims that Melerine did not have any duties that required him to retrieve paperwork from the LPSO (doc. 31, exhibit 1, par. 9).

[4] Melerine claims that he was dispatched by the LPSO (doc. 20, exhibit D-2, par. 4).  Graves claims that the LPSO did not dispatch Melerine (doc. 31, exhibit 1, par. 6).

[5] Graves claims that neither he nor the LPSO can require Melerine to perform specific tasks (doc. 31, exhibit 1, par. 6).  Melerine claims that Graves position as chief law enforcement officer for the parish empowers him to direct Graves to perform specific tasks (doc. 63, pg. 2).

[6] Graves claims that Melerine has no duty to respond to his or the LPSO's requests that he perform specific tasks (doc. 31, exhibit 1, par. 7).  Melerine claims that Graves may do so (doc. 63, pg. 2).

The Court also finds that even if Melerine was working on behalf of the LPSO at the time of the incident, the municipality is ultimately liable for Melerine's conduct.  Louisiana Revised Statute 33:1435.1 states:

> A. Notwithstanding any other provision of law to the contrary, *the sheriff of each parish may issue to a municipal policeman a sheriff's commission permitting such officer to have parishwide law enforcement jurisdiction* or within such limited area of the parish as the sheriff shall designate. . . .  *A sheriff's commission may empower a local or municipal law enforcement officer to enforce any state law throughout the parish or may be limited in such manner as the sheriff shall determine*.  Such power may include the authority to arrest law violators both with and without a warrant or may be for the limited purpose of permitting such officer to enforce certain designated state or local laws or perform only those functions designated by the sheriff, and he may determine whether or not the officer shall be permitted to carry a handgun
>
> B. *Municipal policemen, commissioned as herein provided*, shall not be considered a deputy for any other purpose, and *shall be treated for all purposes as a municipal policeman when acting pursuant to said commission*; and *any* bond, insurance coverage, or *professional liability* for any municipal policeman commissioned hereunder *shall be paid by the municipality* for which he is a municipal policeman.

(emphasis added).  By its terms, 33:1435.1 plainly states that a municipal policeman, like Melerine, who receives a sheriff's commission "shall be treated for all purposes as a municipal policeman when acting pursuant to said

commission" and that "any . . . professional liability . . . shall be paid by the municipality for which he is a municipal policeman."

The Court finds that there are no genuine issues of material fact regarding Melerine's commission. Melerine had a dual commission with the LPD and the LPSO (doc. 20, exhibit D-2, par. 1). At the time of the incident Melerine could only have been acting pursuant to either his LPD or LPSO commission. Additionally, the Court finds that, pursuant to Louisiana Revised Statute 33:1435.1, even if Melerine was acting pursuant to his LPSO commission, the municipality bears ultimate liability for his conduct. Therefore, the Court will DENY Melerine's Motion to Dismiss on the grounds that (1) there are genuine issues of material fact regarding as to whether Melerine was acting within the course and scope of his employment with the LPD and (2) the municipality—and not the LPSO—is ultimately liable for his conduct.

## II. Claims against Dufrene

Dufrene moves to dismiss Plaintiff's claims against him as Chief of the LPD. Melerine asserts that he cannot be vicariously or strictly liable for Melerine's conduct, because Melerine was not acting in the course and scope of employment with the LPD at the time of the incident (doc. 20, pgs. 1-2).

Co-Defendant Graves asserts that the LPSO cannot be liable because Melerine was not acting in the course and scope of his employment with the LPSO (doc. 20, pgs 3-4).

In Louisiana, an employer may only be liable for a tort committed by his employee, if the employee was acting within the course and scope of hisSeptember 30, 2010.employment at the time, regardless of whether the plaintiff's claim is grounded in vicarious or strict liability.  *Orgeron v. McDonald*, 639 So.2d 224, 226 (La. 1994).

The Court finds that there remain genuine issues of material fact regarding whether Melerine was acting in the course and scope of his employment with the LPD.  *See*, *supra*.  Therefore, the Court will DENY Dufrene's Motion to Dismiss Plaintiff's claims against him for vicarious and strict liability under Louisiana law.

## **Conclusion**

The Court finds there are genuine issues of material fact regarding whether Melerine was acting in the course and scope of his employment with the LPD.  In addition, Louisiana Revised Statute 33:1435.1 mandates that the LPD be liable for Melerine's conduct regardless of whether he was acting pursuant to his LPD or LPSO commission.  Therefore, the Court DENIES Melerine's Motion to Dismiss (doc. 20).  Moreover, because there are genuine issues of material fact regarding whether Melerine was acting in the course and scope of his employment with the LPD, the Court DENIES Dufrene's Motion to Dismiss as to Plaintiff's claims against him for vicarious and strict liability (doc. 20).

Signed in Baton Rouge, Louisiana, on September 30, 2010.

                                                             _____
                                                             **JUDGE JAMES J. BRADY**
                                                             **UNITED STATES DISTRICT COURT**
                                                             **MIDDLE DISTRICT OF LOUISIANA**