UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHELLE STOGNER

VERSUS

CHRIS STURDIVANT, LIVINGSTON PARISH
SHERIFF'S OFFICER, ET AL

CIVIL ACTION

NO. 10-125-JJB-CN

**RULING ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on Motions for Partial Summary Judgment on Behalf of Sheriff Willie Graves (doc. 23); Deputies Chris Sturdivant, Alex Petho, and Randy Dufrene, Jr. (doc. 21); and Plaintiff Michelle Stogner (doc. 32) and a Motion to Dismiss on Behalf of Willie Graves (doc. 22).[1] This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

On February 22, 2010, Plaintiff Michelle Stogner ("Plaintiff") filed suit on behalf of her late husband Donel Stogner ("Stogner") against Deputies Chris Sturdivant ("Sturdivant"), Alex Petho ("Petho"), Randy Dufrene, Jr. ("Dufrene, Jr.") and the Sheriff of Livingston Parish, Willie Graves ("Graves") for various claims under 42 U.S.C. § 1983 (doc. 1). Plaintiff claims that Sturdivant violated Stogner's constitutional rights by (1) conducting a warrantless search of Stogner, and (2) using excessive force on Stogner during the course of the search (doc. 1). Plaintiff also claims that Sturdivant, Petho and Dufrene, Jr. were deliberately

---

[1] Graves filed a motion to dismiss (doc. 22), however, because the motion to dismiss cites matters outside the pleadings and addresses the same issues as Graves' Motion for Partial Summary Judgment the Court only address the for Summary Judgment.

1

indifferent to Stogner's constitutional rights by waiting roughly two minutes to administer CPR on Stogner after noticing he was not breathing (doc. 1). Plaintiff also claims that Graves negligently trained officers under his command, causing them to violate the constitutional rights of citizens with whom they came into contact (doc. 1).

The following facts are undisputed. On July 5, 2009, at approximately 4:20 a.m., Sturdivant conducted a traffic stop of Stogner (doc. 21, exhibit A-1, Dashboard video from Sturdivant's cruiser). After both parties had exited their vehicles, Sturdivant noticed that Stogner was holding a small plastic bag in his right hand (doc. 21, exhibit A-1). Sturdivant asked Stogner what was in his hand; Stogner replied that he had nothing in his hand (doc. 21, exhibit A-1). Sturdivant then asked Stogner to release the bag, but Stogner again replied that he had nothing in his hand (doc. 21, exhibit A-1). Sturdivant then grabbed Stogner's hand, forced Stogner up against his unit and attempted to handcuff him (doc. 21, exhibit A-1). While being handcuffed, Stogner transferred the bag into his mouth. (doc. 21, exhibit A-1). For several minutes, Sturdivant and Stogner were engaged in a one-on-one struggle, during which time Sturdivant choked Stogner, wrestled him to the ground and hit him in the back of the head with his fists and forearms (doc. 21, exhibit A-1). Soon thereafter, Officer Brant Melerine ("Melerine") and Petho arrived at the scene and assisted Sturdivant in handcuffing Stogner (doc. 21, exhibit A-1).

After the officers had successfully handcuffed Stogner, Dufrene, Jr. noticed that Stogner was not breathing (doc. 21, exhibit A-1).  Roughly two minutes later, the deputies called for an ambulance and began to administer CPR on Stogner. (doc. 21, exhibit A-1).  Stogner was later transported by ambulance to North Oaks Hospital where he was pronounced dead (doc. 32, exhibit B, Coroner's Report)

Generally speaking, the party moving for summary judgment bears the burden of establishing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2).  However, when a defendant invokes the defense of qualified immunity, the plaintiff "bears the burden of negating the defense and cannot rest on conclusory allegations and assertions, but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct."  *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).  Here, Graves (doc. 23, pg. 4), Sturdivant, Petho and Dufrene, Jr. (doc. 21, pg. 7) plead qualified immunity.

**I. Sturdivant, Petho and Dufrene, Jr.'s Motions for Partial Summary Judgment**

**A. Unlawful Search and Seizure**

The parties filed cross Motions for Summary Judgment on Plaintiff's § 1983 claim against Sturdivant for allegedly conducting an unconstitutional search and seizure of Stogner.  Defendants assert that Sturdivant did not violate Stogner's rights in pulling Stogner over and searching him for contraband

3

because (1) Sturdivant personally witnessed Stogner driving erratically, and thus had reasonable suspicion on which to pull him over and (2) the search falls under the "plain view" exception to the warrant requirement (doc. 59, pgs. 10, 13). Defendants also assert that Sturdivant is entitled to qualified immunity (doc. 59, pg. 10).

Plaintiff asserts the search and seizure was unconstitutional because (1) Stogner was not driving erratically and so Sturdivant lacked reasonable suspicion to initiate the traffic stop which led to the search and (2) the search, therefore, did not fall under any exceptions to the warrant requirement (doc. 32, pgs. 11-16).

For a traffic stop to be constitutionally valid, the officer must have an objectively reasonable suspicion that some illegal activity, including a traffic violation, has occurred or is about to occur. *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). If an officer personally witnesses a traffic violation, the officer's decision to conduct a traffic stop is reasonable no matter how minor the violation. *Whren v. United States*, 517 U.S. 806, 810 (1996).

The Court finds that Plaintiff has failed to establish that there is genuine issue of material fact regarding the basis for Sturdivant's stop of Stogner. Defendants assert that Sturdivant personally witnessed Stogner swerve over the fog line and center line of the road several times in violation of Louisiana Revised Statute 32:79 which governs proper lane usage on Louisiana highways (doc. 49, exhibit D). Plaintiff denies that Stogner was driving erratically (doc. 32) but has failed and simply cannot produce any evidence refuting Sturdivant's account.

4

As to the legality of the search, the "plain view" exception permits an officer to conduct a warrantless search if: (1) the officer is lawfully in a position to view the area where the item is located; (2) the item is in plain view; (3) the incriminating nature of the item is immediately apparent; and (4) the officer has a lawful right of access to the item.  *Horton v. California*, 496 U.S. 128, 136-37 (1990).  The incriminating nature of an item is immediately apparent if the officer has probable cause to associate the item with criminal activity.[2]  *Payton v. New York*, 446 U.S. 573, 587 (1980).

The Court finds that there is no genuine issue of material fact on Plaintiff's claim because Sturdivant's search falls under the "plain view" exception.  First, because Sturdivant had a reasonable suspicion to conduct the traffic stop, he was lawfully in a position to view the plastic bag.  Second, the plastic bag was in Sturdivant's plain view as he could see it in Stogner's hand.  Third, the incriminating nature of the item was immediately apparent because, based on the

---

[2] The Supreme Court of the United States has clarified the meaning of the phrase, "immediately apparent:"
> To the Court of Appeals, ["immediately apparent"] apparently meant that the officer must be possessed of near certainty as to the seizable nature of the items. Decisions by this Court . . . indicate that the use of .the phrase 'immediately apparent' was very likely an unhappy choice of words, since it can be taken to imply that an unduly high degree of certainty as to the incriminatory character of evidence is necessary for an application of the 'plain view' doctrine.

*Texas v. Brown*, 460 U.S. 730, 741-42 (1983).  Probable cause exists if an officer is aware of facts or circumstances such that a reasonable man would believe that an offense has been or is being committed and that the officer will find evidence of that crime in the place or on the person to be searched.  *U.S. v. Pack*, 612 F.3d 341, 352, n. 7 (5th Cir. 2010).

totality of the circumstances, Sturdivant had probable cause to believe that the plastic bag contained narcotics.[3]  Fourth, because Sturidvant was lawfully in a position to see the plastic bag and had probable cause to believe it contained contraband, he had a lawful right of access to the bag.

Therefore, because Plaintiff has not demonstrated there is a genuine issue of material fact regarding the legality of Sturdivant's search, the Court GRANTS Defendants' Motion for Partial Summary Judgment as to Plaintiff's § 1983 claims against Sturdivant arising from the search.

**B. Excessive Force**

The parties filed cross Motions for Summary Judgment on Plaintiff's § 1983 claim against Sturdivant for allegedly using excessive force during the course of the search.  Defendants claim that the amount of force Sturdivant used during the course of the search was not unreasonable because Stogner was resisting Sturdivant's search and attempting to destroy evidence (doc. 21, pg. 14).  Defendants also assert that Sturdivant is nonetheless entitled to qualified immunity because his conduct was not objectively unreasonable in light of clearly established law (doc. 21, pg. 19).

---

[3] The Court finds that Sturdivant had probable cause to believe the plastic bag contained narcotics because (1) deputy Sturdivant personally observed Stogner driving erratically (doc. 59, exhibit D, Affidavit of Chris Sturdivant); (2) the traffic stop occurred at 4:30 a.m. (doc. 21, exhibit A-1); (3) once stopped, Stogner forgot to place his vehicle in park, causing the vehicle to move forward as he attempted to exit it, suggesting that he was impaired (doc. 21, exhibit A-1); (4) in Sturdivant's experience, clear plastic bags, like the one Stogner was holding, are often used to hold narcotics or other illegal drugs (doc. 59, exhibit D); (5) when deputy Sturdivant asked Stogner what was in his hand, Stogner replied that nothing was in his hand, despite that deputy Sturdivant could plainly see he was holding a plastic bag (doc. 21, exhibit A-1); and (6) Stogner refused to release the bag after Sturdivant requested he do so (doc. 21, exhibit A-1).

Plaintiff asserts that Sturdivant's use of force was unreasonable because (1) Stogner was not aggressive towards Sturdivant; and (2) Stogner was not resisting arrest because he was never placed under arrest, and alternatively that Stogner had the right to resist because Sturdivant's search lacked probable cause and was therefore unlawful (doc. 32, pgs 11, 16, 17). Plaintiff also asserts that Sturdivant is not entitled to qualified immunity (doc. 32, pg. 8).

To establish a claim of excessive force, the plaintiff must demonstrate that the defendant applied *unreasonably* excessive force which solely and directly caused plaintiff's injury. *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005) (emphasis added). Courts determine the reasonableness of a particular use of force based on the totality of circumstances, including the severity of the crime for which the party is restrained, whether the individual poses a threat to the officer or others, and whether he is actively resisting or evading arrest. *Graham v. Connor*, 490 U.S. 388, 396-97 (1989).

Even if an officer violates a citizen's constitutional rights, the officer is entitled to qualified immunity unless the officer's conduct was objectively unreasonable in light of clearly established law—that is, unless a reasonable officer would know that his conduct was unlawful under the circumstances. *Saucier v. Katz*, 533 U.S. 194, 202 (2001); *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The Court finds the following facts to be undisputed based upon Sturdivant's affidavit and the dashboard video of taken from Sturdivant's cruiser:

7

(1) Sturdivant asked Stogner, first, what was in his hand, and then, second, to release what was in his hand, to which Stogner replied that he had nothing in his hand each time (doc. 21, exhibit A-1); (2) at that point, Sturdivant grabbed Sturdivant by the wrist, placed Stogner's wrist behind his back and forced Stogner up against his cruiser (doc. 21, exhibit A-1); (3) during the struggle Stogner placed the plastic bag in his mouth (doc. 21, exhibit A-1); (4) Sturdivant then wrestled Stogner to the ground (doc. 21, exhibit A-1); (5) during the struggle Sturdivant choked Stogner and struck him several times in the back of the head with his fists and forearms (doc. 21, exhibit A-1).

The Court also finds that Defendants are not entitled to prevail as a matter of law. The question of whether the amount of force used by Sturdivant was reasonable, involves an inherently fact-intensive and detailed inquiry as to the amount of force needed under the circumstances, ie whether Sturdivant's grabbing Stogner, forcing him up against his police cruiser, choking him, slamming him to the ground, and hitting him in the head with his fists and forearms was objectively reasonable. Therefore, the Court DENIES Defendants' Motion for Partial Summary Judgment as to Plaintiff's § 1983 claims against Sturdivant for excessive force.

### C. Deliberate Indifference

The parties filed cross motions for summary judgment on Plaintiff's § 1983 claims against Sturdivant, Petho and Dufrene, Jr. for deliberate indifference to medical needs. Defendants assert that the deputies acted timely and

appropriately and that they had no constitutional duty to perform CPR on Stogner (doc. 59, pg. 3). Plaintiff asserts that the deputies were deliberately indifferent in waiting to administer CPR (doc. 32, pg. 29).

To establish a claim for failure to provide emergency treatment on a pre-trial detainee under § 1983, the plaintiff must show that (1) the defendant had a subjective knowledge that the detainee faced substantial risk of serious medical harm; (2) the defendant was deliberately indifferent to the risk; and (3) that the defendant's indifference caused the detainee's injuries. *Hare v. City of Corinth*, 74 F.3d 633, 639, 650 (5th Cir. 1996). *See also*, *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000) ("To prevail on her claim of deliberate denial of medical care, [Plaintiff] needs to establish . . . not only that the defendants' actions . . . were objectively unreasonable, but also that defendants intended the consequences of those actions."). However, officers are not generally required to administer CPR on an unconscious individual, and instead must only seek emergency aid on the individual's behalf. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 (1983).[4]

---

[4] *See, e.g.*, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 (1983) (finding no constitutional violation where police officers shot and wounded a fleeing suspect and provided no emergency services beyond summoning an ambulance and escorting the ambulance to the hospital); *Tagstrom v. Enockson*, 857 F.2d 502, 503-04 (8th Cir. 1988) (finding no constitutional violation where officers called for an ambulance but provided no emergency services to an individual seriously injured and knocked unconscious during a high-speed pursuit); *Estate of Cartwright v. City of Concord*, 856 F.2d 1437, 1438 (9th Cir. 1988) (finding no constitutional violation where officers discovered an unconscious inmate, called for emergency aid, but did not administer CPR until emergency crews arrived roughly five to seven minutes later); *Rothman v. Myrtle Beach Police Dept.*, No. 4:04-00060, 2007 WL 708805, at *9 (D.S.C. 2007) (stating that there is no constitutional right that officers perform CPR on an unconscious individual).

The Court finds that there is no genuine issue of material fact. The deputies waited roughly two minutes to initiate CPR on Stogner after noticing he was unconscious (doc 21, exhibit A-1). The Court also finds that the deputies were not deliberately indifferent to Stogner's medical needs. The deputies summoned emergency services on Stogner's behalf and administered CPR while waiting for emergency services to arrive. Therefore, the Court GRANTS Defendants' Motion for Partial Summary Judgment as to Plaintiff's § 1983 claims against Sturdivant, Petho and Dufrene, Jr. for deliberate indifference to Stogner's medical needs.

**II. Graves' Motion for Partial Summary Judgment**

Defendants move for summary judgment on Plaintiff's § 1983 claims against Graves for negligent training. Defendant argues that the Plaintiff has failed to allege facts sufficient to establish that Graves implemented a custom or policy which led to the constitutional violation, as required by § 1983 (doc. 22, pg. 5). Defendant also argues that Graves is entitled to qualified immunity (doc. 23, pg. 4).

Plaintiff argues that Graves negligently trained officers under his command to violate the constitutional rights of citizens with whom they came into contact (doc. 33, pg. 5).

To establish a suit for negligent training under § 1983, the plaintiff must first demonstrate that the official's subordinates violated the plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Plaintiff must next establish that the municipality was deliberately indifferent to citizens' constitutional rights—that is, that the municipality maintained a custom or policy of failing to adequately train its officers. *Id.* at 389. In establishing that the municipality, through its official, maintained a custom or policy, the claimant must state specific facts, not merely conclusory allegations, which give rise to an inference of deliberate indifference. *Elliot v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985).

The Court finds that Plaintiff has failed to demonstrate that there is a genuine issue of material fact as to whether Sheriff Graves maintained a policy or custom of inadequate training and supervision. The only evidence Plaintiff cites to establish that the municipality maintained a policy or custom of inadequate training is newspaper articles quoting Criminal Deputy Jason Ard, as Sheriff Graves' liaison to the media and the public, defending the deputies' conduct (doc. 34, pgs. 10-11 and exhibit E).[5]

However, plaintiff may not use newspaper articles to establish that Graves maintained a custom or policy that contributed to violations of citizen's constitutional rights. Newspaper articles are inadmissible hearsay under Federal Rule of Evidence 802, and they may not be used to contest a motion for

---

[5] In the articles, Deputy Ard states: "The Sheriff's preliminary finding is that the actions of the Deputy [Sturdivant] were reasonable and appropriate. The deputy followed department protocol in his efforts to restrain a subject who refused to obey commands and continued to physically resist the deputies efforts to restrain the subject. . . . [t]he video shows the deputy [Sturdivant] acting appropriately. . . . Sturdivant did a textbook job in attempting to arrest, subdue and then revive Stogner. . . . He followed department protocol in having to subdue a subject who did not listen to his verbal commands." (Doc 33, p. 9).

11

summary judgment.  *See*, *James v. Tex. Collin Cnty.*, 535 F.3d 365, 378 (5th Cir. 2008).  Instead, a plaintiff must rely on pleadings, affidavits and items obtained through discovery to establish that there is a genuine issue of material fact and that summary judgment is not appropriate.  *Id.*

Because Plaintiff has failed to provide evidence demonstrating that there is a genuine issue of material fact as to whether Graves maintained a custom or policy, the Court GRANTS Defendants' Motion for Partial Summary Judgment as to Plaintiff's § 1983 claims against Sheriff Graves.

## **Conclusion**

The Court hereby GRANTS Defendants' Motions for Partial Summary Judgment on all of Plaintiff's § 1983 claims against Graves (doc. 23), Petho (doc. 21), and Dufrene, Jr (doc. 21).[6]  The Court also GRANTS Defendants' Motions for Partial Summary Judgment on Plaintiff's § 1983 claims against Sturdivant for conducting a warrantless search and seizure on Stogner and deliberate indifference and DENIES the Motion as to Plaintiff's § 1983 claims against Sturdivant for using excessive force (doc. 21).

Signed in Baton Rouge, Louisiana, on this 14th day of October, 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[6] The Court additionally GRANTS Graves' motion to dismiss (doc. 22).