UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHELLE STOGNER

VERSUS

CHRIS STURDIVANT, ET AL

CIVIL ACTION

NO. 10-CV-125

### RULING ON PLAINTIFF'S EX PARTE MOTION FOR RULE 54(B) CERTIFICATION

This matter is before the court on Plaintiff's Motion for Rule 54(b) Certification (doc. 76). Defendants have filed an opposition (doc. 77). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.

On February 22, 2010, Plaintiff Michelle Stogner filed suit against Defendants Randy Dufrene, Jr., Alex Petho and Chris Sturdivant ("Sturdivant") (collectively "Defendants") and other employees of the Livingston Parish Sheriff's Office and the Livingston Police Department (doc. 1). Plaintiff asserts that Sturdivant violated her late-husband, Donel Stogner's ("Stogner"), Fourth Amendment right to be free from unreasonable searches and seizures while conducting a traffic stop (doc. 1). In addition, Plaintiff asserted several other § 1983 claims—including a pending claim for excessive force—and various, related state law claims[1] against Defendants (doc. 1).

On July 26, 2010, Defendants moved for partial summary judgment contending that *"all of Plaintiff's claims under 42 U.S.C. § 1983 against them*

---

[1] Plaintiff's state law claims include battery and failure to perform official duties in a safe and reasonable manner (doc. 1).

1

must be dismissed" (doc. 21, p. 1) (emphasis added).  On August 17, 2010, Plaintiff filed a single pleading in which Plaintiff both opposed Defendants' motion for summary judgment and moved for partial summary judgment against Defendants (doc. 32).  In its motion, Plaintiff addressed the constitutionality of the Sturdivant's search and seizure of Mr. Stogner (doc. 32, p. 10-13).  On September 2, 2010, Defendants filed their reply memorandum in which Defendants responded to Plaintiff's arguments (doc. 59) and filed their motion in opposition to Plaintiff's motion for summary judgment which incorporated the arguments from their opposition (doc. 60).

On October 14, 2010, this Court granted Defendant's Motion for Summary Judgment dismissing Plaintiff's claim against Sturdivant for conducting the allegedly unconstitutional search and seizure (doc. 74).  The Court found that there was no genuine issue of material fact regarding what occurred during the traffic stop: (1) Sturdivant observed Stogner holding on object that he perceived to be a small plastic bag; (2) Sturdivant asked Stogner to release the object from his hand or identify its contents; and (3) after Stogner refused, the two engaged in a struggle during which Stogner placed the object in his mouth and subsequently asphyxiated; and (4) the officer's on the scene removed a piece of plastic from Stogner's mouth during their attempt to resuscitate him (doc. 21, exhibit A-1; doc. 59, exhibit D, E).

On October 22, 2010, Plaintiff filed a Motion for Rule 54(b) Certification requesting that the Court certify its October 14, 2010 ruling for immediate appeal

2

(doc. 76). Plaintiff asserts that (1) only she, and not Defendants, moved for summary judgment as to whether Sturdivant's search and seizure of Stogner was constitutional; and (2) the court improperly granted summary judgment in favor of Defendants because there remained a genuine issue of material fact as to whether the object in Mr. Stogner's hand was a plastic bag (doc. 76).

On October 26, 2010, Defendants filed their motion in opposition (doc. 77). Defendants assert that Plaintiff's request for certification under Federal Rule of Civil Procedure 54(b) is improper because (1) the Court's ruling is not "final;" (2) Plaintiff has not made the requisite showing of hardship or injustice; and (3) there are claims still pending before the Court that arise out of the same facts as the claim dismissed by the Court's ruling (doc. 77). Defendants also assert that Plaintiff's request for certification under 28 U.S.C. 1292 is improper because (1) there is no "substantial ground for difference of opinion" as to the constitutionality of Sturdivant's search and seizure of Stogner; and (2) certification will not "materially advance the ultimate termination of the litigation" because Plaintiff's excessive force and state law claims are still pending; and (3) Plaintiff has not shown any "exceptional circumstances" (doc. 77). Lastly, Defendants request that, if the Court certifies Plaintiff's appeal pursuant to 28 U.S.C. § 1292(b), that the Court grant a stay until the appellate court has ruled (doc. 77).

**Certification under Federal Rule of Civil Procedure 54(b)**

Under Federal Rule of Civil Procedure 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but

fewer than all . . . parties only if the court expressly determines that there is no just reason for delay."  A district court may certify a grant of partial summary judgment as a final, appealable judgment.  *Ga. Pac., LLC v. Heavy Mach., Inc.*, 2010 WL 2245575, at *2 (M.D. La. 2010).  However, district courts should do so only where a party is in danger of hardship or injustice, and an immediate appeal is needed to alleviate the danger.  *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist., 81 F.3d 1412, 1421* (5th Cir. 1996).  Moreover, the court, in the interest of avoiding piecemeal litigation, should refuse certification where the pending claims are closely related and arise out of the same factual allegations.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) (stating that a court ruling on a Rule 54(b) motion must consider the factual and legal interrelationship between the claims).

Here, the Court finds that Plaintiff's motion (doc. 76) is silent as to how Plaintiff is in any danger of hardship or injustice if her Fourth Amendment claim is not certified as immediately appealable.  Moreover, Plaintiff's excessive force and state law claims are closely related and arise out of the same set of factual allegation—a point even Plaintiff admits.[2]  Whether Stogner was in fact holding a plastic bag when he exited his vehicle was a significant factor in the Court's conclusion that Sturdivant's warrantless search of Stogner was constitutional (doc. 74).  Moreover, whether Stogner was in fact holding a plastic bag when he

---

[2] Plaintiff's motion states that "[t]he issue of unlawful search and seizure is a key fundamental issue in this litigation and judicial/economy efficiency strongly urge that those issues . . . be tried at the same time as the issue of excessive force *so as to prevent the trying of those facts twice.*" (doc. 76, p. 4).

4

exited his vehicle will be a significant factor in determining whether Sturdivant applied a reasonable amount of force in attempting to retrieve it.

Therefore, the Court will DENY Plaintiff's Motion for Certification (doc. 76) under Federal Rule of Civil Procedure 54(b).

**Certification under 28 U.S.C. § 1292(b)**

Under 28 U.S.C. § 1292(b), "when a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a *controlling question of law as to which there is substantial ground for difference of opinion* and that an *immediate appeal from the order may materially advance the ultimate termination of the litigation*, he shall state in writing in such order." 28 U.S.C. § 1292(b) (emphasis added).

The Court finds that there is no "controlling question of law as to which there is a substantial ground for difference of opinion." To the extent Sturdivant observed Mr. Stogner driving erratically, he had a reasonable suspicion to conduct a traffic stop. *Whren v. United States*, 517 U.S. 806, 810 (1996). Moreover, to the extent that Sturdivant observed a plastic bag in Mr. Stogner's hand, his subsequent, warrantless search of Mr. Stogner would be constitutional under the "plain view" exception to the warrant requirement.[3]

---

[3] The "plain view" exception permits an officer to conduct a warrantless search if: (1) the officer is lawfully in a position to view the area where the item is located; (2) the item is in plain view; (3) the incriminating nature of the item is immediately apparent; and (4) the officer has a lawful right of access to the item. *Horton v. California*, 496 U.S. 128, 136-37 (1990). The incriminating nature of an item is immediately apparent if the officer has probable cause to associate the item with criminal activity. *Payton v. New York*, 446 U.S. 573, 587 (1980).
   First, Sturdivant was lawfully in a position to view the item because he had reasonable suspicion to conduct a traffic stop. Second, the plastic bag was in plain view insofar as Sturdivant noticed it in

5

The Court also finds that an immediate appeal from the October 14, 2010 ruling would not "materially advance the termination of the litigation." Determining whether Sturdivant's search and/or seizure of Mr. Stogner was unreasonable as a matter of law, will scarcely affect the Court's decision as to Plaintiff's § 1983 excessive force and state law claims.

Therefore, the Court will DENY Plaintiff's Motion for Certification (doc. 76) under 28 U.S.C. § 1292(b).

---

Stogner's hand as he approached. Third, the incriminating nature of the object was immediately apparent because Sturdivant had just observed Stogner driving erratically; small plastic bags like the one in Stogner's hand are frequently used to hold narcotics; when Sturdivant asked Stogner what was in his hand, Stogner replied that nothing was in his hand, despite that Sturdivant could plainly see he was holding a plastic bag; and Stogner refused to release the bag after Sturdivant requested he do so. Fourth, Sturdivant had a lawful right to access the object because he had a reasonable suspicion to conduct a traffic stop during which he observed what he reasonably believed to be contraband.

## **Conclusion**

Accordingly, because Plaintiff has failed to establish any of the prerequisites for certification for immediate appeal under either Federal Rule of Civil Procedure 54(b) or Under 28 U.S.C. § 1292(b), the Court DENIES Plaintiff's Motion for Certification (doc. 76).

Signed in Baton Rouge, Louisiana, on this 9th day of November, 2010.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA