**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHELLE STOGNER** | **CIVIL ACTION** |
| **VERSUS** | |
| **CHRIST STURDIVANT, ET AL** | **NO. 10-125-JJB-CN** |

**RULING & ORDER**

This matter is before the Court on the Report Regarding Attorney's Fees (R. Doc. 99) filed by defendants, Willie Graves, Sheriff of Livingston Parish; Randy Dufrene, Chief of Police for the Town of Livingston, and Livingston Parish Sheriff's Deputies, Chris Sturdivant, Jason Ard, Alex Petho, Randy Dufrene, Jr., and Aldon Thomassen (collectively "defendants"). Plaintiff, Michelle Stogner ("Stogner"), has filed an opposition (R. Doc. 101) to defendants' report, in response to which defendants have filed a reply memorandum (R. Doc. 107).

On October 4, 2011, the undersigned issued a Ruling & Order (R. Doc. 96), granting in part and denying in part a "Motion for Permission to Disclose Expert Witnesses Out of Time" (R. Doc. 90) filed by Stogner. In that Ruling, the undersigned ordered that defendants are entitled to an award of the reasonable expenses, including attorney's fees, that they incurred as a result of having to defend against Stogner's motion, and in connection with that award, the parties were to do the following:

    (1)    If the parties agreed to the amount of attorney's fees and expenses, plaintiff and/or her counsel were to pay that amount;

    (2)    If the parties did not agree to the amount, defendants were to submit to the Court, within fifteen (15) days of

1

> the date the Order was signed, a report (along with evidentiary support) setting forth the amount of expenses and attorney's fees incurred in defending against plaintiff's motion; and
>
> (3) Plaintiff had ten (10) days after the filing of defendants' report to file an opposition.

*See*, October 4, 2011 Ruling & Order, R. Doc. 96. Because the parties were unable to agree to the amount of fees and expenses to be paid to defendants, defendants filed the present report documenting those fees and expenses on October 19, 2011.

## **LAW & ANALYSIS**

Once a district court has determined that a party is entitled to an award of attorney's fees, as in this case, it must find the number of hours reasonably expended on the case[1] and the reasonable hourly rate for the attorney's services. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). The court then multiplies those two figures together to determine the "lodestar" amount of attorney's fees. *Id.* The lodestar amount is presumed to be the reasonable fee, but it may be adjusted upward or downward after consideration of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).[2]

In support of their proposed attorneys' fees award, defendants have submitted a

---

[1] Counsel is "charged with proving that they exercised billing judgment." *Winget v. Corporate Green,* LLC, 2011 WL 2173840, *4 (M.D.La. 2011), quoting *Walker v. U.S. Dept. of Housing and Urban Development,* 99 F.3d 761, 770 (5th Cir. 1996). Attorneys exercise billing judgment by not charging for time that is unproductive, excessive, or duplicative when seeking a fee award. *Id.*

[2] Those factors include the following: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount of money involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*

copy of defense counsel's billing records pertaining to the opposition at issue as well as an affidavit by defense counsel attesting to the accuracy of those records. The billing records document time spent preparing defendants' opposition to plaintiff's motion, including the necessary legal research to support the arguments in the opposition and the drafting, revising, and filing of same. According to the billing records, the partner and trial attorney representing the defendants in this matter, Cullen Dupuy ("Dupuy"), spent 10.3 hours at an hourly rate of $200 working on the opposition. An associate assigned to the case, Chris Billings ("Billings"), expended 14 hours at an hourly rate of $155 working on the opposition, and a paralegal, Jill Achord ("Achord"), spent 2 hours at an hourly rate of $115, for a total of $4,460.00 in attorney's/parelegal's fees incurred in connection with the opposition.

As to the hourly rates requested, the undersigned finds the $200 hourly rate requested for Dupuy to be reasonable based upon the recent research and conclusions of this Court in *Winget v. Corporate Green, LLC*, 2011 WL 2173840 (M.D.La. 2011), wherein it was held that a rate of $250.00 per hour was a reasonable compensation for an attorney with approximately seven (7) years experience handling relatively complex litigation in this judicial district.[3] Furthermore, the $155 hourly rate for associate, Billings, is also reasonable for the local legal market.[4] However, the undersigned finds that the $115 hourly

---

[3] *See, Winget*, at *6 ("Having reviewed the cases cited by plaintiff in support of an award of $300.00 per hour, the hourly rate awarded to plaintiff's counsel in cases in the Middle District of Florida, and the Court's familiarity with the local legal market, the Court concludes that an hourly rate of $250.00 per hour is reasonable compensation for an attorney with plaintiff's counsel's experience handling this type of [FLSA] litigation").

[4] *See, Cherry v. Shaw Coastal , Inc., et* al, Civil Action No. 08-228-JVP-CN (M.D.La. 2008)(holding that an hourly rate of $175 for an associate with approximately eight (8) years experience was reasonable in the Middle District of Louisiana legal market); *Thompson v. Connick*, 2008 WL 5265197 (5th Cir. 2008)(upholding a district court's award of attorneys' fees in the range of $90-202/hour for mid-level associates in the Eastern District of Louisiana); *Carmeuse Lime & Stone, Inc. v. Ecoproduct Solutions, LP*, Civil Action No. 07-742-A-M2, R. Docs. 42 and 43 (noting that case law out of the Eastern

rate for paralegal Achord is excessive. This Court, in *Winget*, held that $95.00 per hour is a reasonable rate for a paralegal working in this judicial district. Accordingly, the hourly rate for Paralegal Achord's work will be reduced from the requested $115 per hour to $95 per hour.

Relative to the amount of time expended on the opposition at issue, the undersigned finds that certain portions of that time are duplicative and/or excessive and, as a result, should be reduced. Specifically, despite Billings having spent 14 hours reviewing the file, researching, drafting, and revising the opposition memorandum, Dupuy spent another 8 hours performing the same tasks. It has been held that, when a party chooses to have more than one attorney represent it in a lawsuit, as defendants have done in this case, the opposing party is not required to pay for duplicative work performed by the attorneys and that the duplicative time expended by the attorney who worked less on the motion/opposition should be subtracted from the amount of fees awarded. *See, Creecy v. Metropolitan Property and Cas. Ins. Co.*, 548 F.Supp.2d 279, 286 (E.D.La. 2008), citing

---

District of Louisiana indicates hourly rates in the range of $190.00 for a sixth year associate and around $150.00 for a for a two- to three-year associate); *Cedotal v. Whitney Nat'l Bank*, 2010 WL 5582989, *13 (E.D.La. 2010)($150 awarded to associates based on current reasonable rate awards in Eastern District); *In re Educational Testing Service Litigation*, 2006 WL 2513005, at *20 (E.D.La. 2006)(noting the prevailing rate for associate level attorneys is $150 per hour); *GMAC Commercial Mortgage Corp. v, Chateau Deville Apartments Partnership*, 2003 WL 21674467 (E.D.La. 2003)(finding $150 per hour was a reasonable billing rate for a second-year associate); *Camp v. Progressive Corp.*, 2004 WL 2149079 (E.D.La. 2004)(finding hourly rates of $225 for partners and $140 for associates reasonable); *Speaks v. Kruse*, 2006 WL 3388430 (E.D.La. 2006)(noting that $150 per hour is the prevailing rate for associate-level attorneys).

Although the majority of the above cases derive from the Eastern District of Louisiana because there is little jurisprudence out of this judicial district relating to the reasonable hourly rate for associates, most of the above Eastern District cases arise out of the post-Hurricane Katrina legal market in New Orleans. Since Katrina, the size of New Orleans and Baton Rouge has become more comparable, resulting in a similar legal market, and the undersigned therefore finds that the associate rates found reasonable in the New Orleans market during the post-Katrina period can therefore be applied to associates in this judicial district.

*Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). Since Billings performed the great majority of the work on the subject opposition, Dupuy's duplicative time of 8 hours spent researching, drafting, and revising the opposition will not be included in the attorney's fees award. *Id.* However, considering that the opposition at issue was not simply boilerplate in form and required significant file review, legal research, briefing, and exhibit preparation (*i.e.*, the opposition is 18 pages in length with 6 exhibits and contains a detailed description of the procedural history of the case as well legal research and analysis),[5] the undersigned finds that the 14 hours expended by Billings and the 2 hours expended by

---

[5] While Stogner contends, in her opposition to defendants' present report, that the length of defendants' opposition that is at issue was only four (4) pages and that such opposition did not cite to any caselaw, she is incorrect and is referring to the wrong opposition. Stogner is referencing defendants' opposition (R. Doc. 97) to Stogner's "Motion for Leave of Court to File Motion for Extension of Time for Submission of Expert Witness Reports and for Completion of Fact Discovery and Incorporated Memorandum," which was not the subject of the Court's October 4, 2011 Ruling & Order and which, in fact, was not filed until October 5, 2011. Instead, defendants' opposition that is at issue in this Ruling and in the October 4, 2011 Ruling & Order is Rec. Doc. No. 92, which, as discussed above, is eighteen (18) pages long, contains substantive legal research and analysis, discusses the procedural history of the case in detail, and references and attaches six (6) exhibits.

Additionally, although, in her opposition to defendants' attorneys' fees report, Stogner compares the amount of attorney's fees requested in such report to the amount of fees requested by counsel for Brandt Melerine and Randy Dufrene, Sr. (*i.e.*, Karen White ("Ms. White")) in connection with their opposition to Stogner's "Motion for Permission to Disclose Expert Witnesses Out of Time," the undersigned finds that such a comparison is not appropriate. In their opposition, which was filed subsequent to the defendants' opposition that is at issue in this Ruling, Melerine and Dufrene, Sr. expressly "adopt[ed] all factual representations made by, and otherwise join[ed] in the opposition filed . . . on behalf of" the seven other defendants and noted that they did "not desire to reiterate all of the assertions made by co-defendants, and wish[ed] to appear . . . to tersely set forth the reasons for their opposition." *See*, R. Doc. 94. Thus, the burden of discussing the procedural background of this case in detail, of conducting the legal research relating to opposing Stogner's motion, and of drafting the legal analysis and arguments primarily fell upon counsel for Melerine's and Dufrene Sr.'s co-defendants (not upon Ms. White), and for such reason, the amount of time that counsel for those co-defendants spent on reviewing the file and researching and drafting an opposition is obviously going to be significantly more than that of Ms. White. Far unlike the co-defendants' opposition at issue herein, the opposition of Melerine and Dufrene, Sr. contains only a single case reference. As such, the undersigned finds Stogner's reliance upon the amount of attorney's fees requested by Ms. White in connection with Melerine's and Dufrene Sr.'s opposition to be misplaced.

Achord on the preparation and filing of the motion are reasonable.[6] Thus, when the remaining 2.3 hours of Dupuy's time are added to the 14 hours of Billings' time and the 2 hours of Achord's time, the revised total of attorney's fees that should be awarded to the defendants is $2,820 (*i.e.*, 2.3 hours x $200/hour (for Dupuy) + 14 hours x $155/hour (for Billings) + 2 hours x $95/hour (for Achord) = $2,820).[7]

Accordingly;

**IT IS ORDERED** that plaintiff, Michelle Stogner, and/or her counsel shall pay defendants, Willie Graves, Sheriff of Livingston Parish; Randy Dufrene, Chief of Police for the Town of Livingston, and Livingston Parish Sheriff's Deputies, Chris Sturdivant, Jason Ard, Alex Petho, Randy Dufrene, Jr., and Aldon Thomassen, $2,820.00 in attorney's fees that were incurred by defendants in opposing plaintiff's "Motion for Permission to Disclose Expert Witnesses Out of Time."

Signed in chambers in Baton Rouge, Louisiana, December 9, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[6] The undersigned agrees with defendants that the substance of the plaintiff's motion that defendants were opposing (which motion essentially sought to "rewrite the Court's Scheduling Order" dated January 5, 2011 to allow plaintiff to untimely name expert witnesses) and that motion's potential ramifications, if granted by the Court (*i.e.*, allowing the plaintiff to name various expert witnesses out of time and to name additional expert witnesses in the future), warranted the significant legal research and briefing undertaken by Billings.

[7] The undersigned finds that this figure need not be modified upward or downward any further based upon the other *Johnson* factors.